IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  08-01-H-DWM-TJC-2 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| vs. | |
| JOSHUA STANLEY ROBERTS, | |
| Defendant. | |

A petition alleges that Defendant violated conditions of his supervised release.  Judge Molloy referred the matter to the undersigned to conduct a revocation hearing and issue findings and recommendations.  (Doc. 114.)

On March 29, 2017, the Court conducted the revocation hearing.  Defendant admitted all violations.  As discussed below, the Court finds Defendant is in violation of the conditions of his supervised release.  However, the Court recommends that disposition should be delayed 90 days to allow Defendant to complete a substance abuse treatment program.

I.    <u>Background</u>

In June 2008, Defendant pled guilty to the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. 34.)  On October 31, 2008,

the Court sentenced him to 98 months imprisonment, to be followed by 3 years supervised release.  (*Id*.)

Defendant began serving his term of supervised release on July 6, 2016. (Doc. 87.)

On September 1, 2016, Defendant's supervised release was revoked for providing a urinalysis test that was positive for methamphetamine and for being terminated from the public law placement at Alternatives.  (Doc. 95.)  He was sentenced to 6 months imprisonment, followed by 30 months supervised release.

Defendant began his second period of supervised release on February 14, 2017.  (Doc. 98.)

On March 1, 2017, the United States Probation Office filed the petition now at issue.  (Doc. 98.)  The petition alleges that Defendant violated 3 conditions of supervised release, including failure to appear for random urine testing, failure to notify the probation officer prior to changing his residence, and failure to report to the probation officer as directed.  *Id*.  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest.  (Doc. 99.)

On March 8, 2017, Defendant was arrested and made an initial appearance before Magistrate Judge Lynch.  (Doc. 100.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  *Id.*  The Court set the final revocation hearing for March 29, 2017.  (*Id.*)  The Court

remanded Defendant to the custody of the United States Marshal Service pending

further proceedings.  (Doc. 102.)

On March 17, 2017, a detention hearing was held before Magistrate Judge

Lynch.  (Doc. 111.)  Defendant was released under his previous conditions as well

as new conditions including home confinement. (*Id.*)

## II.   Revocation Hearing

Defendant appeared at the revocation hearing represented by Briana Kottke.

Thomas Godfrey represented the United States.  The undersigned explained the

Findings and Recommendations procedure to Defendant, including his right to

appear before Judge Molloy.  After consenting to proceed, Defendant admitted all

of the violations as alleged in the petition.

The undersigned accepted the admissions.  Defendant's counsel requested

the Court defer disposition of the revocation for 90 days to allow Defendant to

complete a substance abuse treatment program.  Counsel indicated Defendant has

taken steps towards obtaining treatment, including enrolling in Medicaid,

contacting Rimrock Foundation, the Mental Health Center, and seeing a counselor

at Yellowstone Counseling Center.  Defendant has been recommended for

intensive out-patient treatment, and is scheduled to begin the program on April 3,

2017.  Defense counsel also informed the Court that Defendant has recently

obtained employment.

## III.    Findings and Recommendation

Based on Defendant's admissions, it is recommended that Defendant be found in violation of his conditions of supervised release.  However, in light of Defendant's efforts to obtain substance abuse treatment, the Court does not recommend revocation at this time.  The Court **RECOMMENDS** that disposition be deferred 90 days to enable Defendant to complete a treatment program, and that Defendant remain on release under all of the conditions previously imposed by Magistrate Judge Lynch.

## IV.    Conclusion

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

/ / /

Failure to timely file written objections may bar a *de novo* determination by Judge

Molloy.

DATED this 29 day of March, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge